**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CR-20364-RAR**

UNITED STATES OF AMERICA

v.

ORLANDO ALFONSO CONTRERAS SAAB,

    Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon the unopposed motion of the United States of America for entry of a Preliminary Order of Forfeiture, [ECF No. 23] ("Motion"), against Defendant Orlando Alfonso Contreras Saab. The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On September 11, 2023, the United States filed a one-count Information charging the Defendant with conspiracy to commit a felony violation of the Foreign Corrupt Practices Act ("FCPA"), in violation of 18 U.S.C. § 371 and 15 U.S.C. § 78dd-3.  Information, [ECF No. 1]. The Information included forfeiture allegations, which alleged that upon conviction of a conspiracy to commit an FCPA violation, the Defendant shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C), which is made criminally applicable by 28 U.S.C. § 2461(c). *See id.* at 12.

On November 2, 2023, the Court accepted the Defendant's guilty plea to the one-count Information.  *See* Minute Entry, [ECF No. 16]; Plea Agreement ¶ 2, [ECF No. 17].  As part of the guilty plea, the Defendant agreed to a forfeiture money judgment in the sum of $5,947,188 in U.S.

currency, which the Defendant agreed represents the approximate amount of proceeds that he retained as part of the conspiracy of conviction. *See* Plea Agreement ¶ 10. The Defendant also agreed to the forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p). *See id*.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, [ECF No. 18]. The Factual Proffer also provided a basis for the forfeiture money judgment. *See id.* at 8-9.

As set forth in the Factual Proffer, between in or around early to mid-2016 and continuing through in or around September 2019, the Defendant participated in a conspiracy to pay bribes to Venezuelan government officials, including Jose Gregorio Vielma-Mora, the Governor of the State of Tachira in Venezuela, in exchange for contracts and business advantages that were directed to members of the conspiracy. Factual Proffer ¶ 1. In furtherance of the scheme, the Defendant served as an intermediary who received bribe payments on behalf of Vielma-Mora and directed the funds as instructed by, and for the benefit of, Vielma-Mora and other conspirators, among other things. *Id*.

In exchange for awarding the contracts to companies controlled by Co-Conspirator 1 and Alvaro Pulido Vargas, Vielma-Mora received at least $8.5 million in U.S. currency and assets in bribes. *Id*. ¶ 10. Certain bribe payments to Vielma-Mora were made via wire transfers to bank accounts associated with the Defendant and his companies, as well as by using companies created to receive the monies with the help of another co-conspirator, Ana Guillermo Luis, who worked for Co-Conspirator 1 and Pulido. *Id.*

Between on or about December 12, 2016, and on or about July 17, 2017, co-conspirators caused wire transfers to be sent to accounts held in the name of companies controlled by the

Defendant. *See id.* ¶¶ 15, 17, 19, 21. Thereafter, the Defendant caused wire transfers of funds from these accounts, and a portion of these funds were transferred and used for the benefit of Vielma-Mora to promote the illegal bribery scheme and to conceal the nature and purpose of the proceeds of the illegal bribery scheme. *See id.* ¶¶ 16, 18, 20, 22. In addition, on or about March 6, 2019, and on or about April 5, 2019, the Defendant, while in the United States, made additional transfers at the direction of and for the benefit of Vielma-Mora or a close relative of Vielma-Mora. *See id.* ¶¶ 23-24.

In total, the Defendant, on behalf of himself and Vielma-Mora, received approximately $16,980,330 in U.S. currency as part of the conspiracy. *Id.* ¶ 26. In order to transfer Vielma-Mora his portion of the proceeds, the Defendant wire-transferred monies to individuals or entities and transferred assets at Vielma-Mora's direction that totaled approximately $11,033,142 in value. *Id*. The Defendant retained approximately $5,947,188 in U.S. currency for his participation in the conspiracy. *Id*.

Based on the record in this case, the approximate total value of the proceeds traceable to the offense of conviction is $5,947,188 in U.S. currency, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** as follows:

1.   Pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $5,947,188 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami. Florida, this 8th day of December 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**