UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE № 23-20364-CR-RUIZ

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.

ORLANDO ALFONSO CONTRERAS SAAB,

    *Defendant.*

_____/

### MR. CONTRERAS SAAB'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND INCORPORATED MEMORANDUM OF LAW

The Defendant, **ORLANDO ALFONSO CONTRERAS SAAB** (hereafter "**MR. CONTRERAS SAAB**"), by and through his undersigned counsel, and pursuant to the provisions of Rule 32 of the Federal Rules of Criminal Procedure and United States Sentencing Guideline 6A1.2-3, herewith responds to the Presentence Investigation Report (hereinafter "PSR") and submits his objections to the PSR. In support thereof, **MR. CONTRERAS SAAB** submits the following:

### I.
### SUMMARY OF LEGAL OBJECTIONS AND ARGUMENTS

1.     **MR. CONTRERAS SAAB'S** minor role in the instant offense warrants a three-level reduction to his offense level pursuant to U.S.S.G. § 3B1.2.

2.     Because the bribery payments relevant to **MR. CONTRERAS SAAB** in essence constitute a single incident of bribery a two-level increase pursuant to U.S.S.G. § 2C1.1(b)(1) is not warranted in this case.

3.     **MR. CONTRERAS SAAB'S** should receive a two-level decrease to his offense level pursuant to U.S.S.G. § 4C1.1.

### A.
### MR. CONTRERAS SAAB'S ROLE IN THE INTENT OFFENSE WARRANTS A MINOR ROLE DEPARTURE

Section 3B1.2 provides for a two-level decrease to a defendant's offense level if he was a "minor participant" in the criminal activity, a four-level decrease if he was a "minimal participant," and a three-level decrease if his role was in between. A "minor participant" is defined as someone "[w]ho is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *See* U.S.S.G. § 3B1.2, cmt. n. 5. We respectfully submit that **MR. CONTRERAS SAAB'S** minor role in this case warrants a three (3) level decrease, or at least a two-level decrease, to his base offense level.

In *United States v. De Varon*, 175 F.3d 930, 940 (11th Cir. 1999), the court instructed that "[i]n assessing a defendant's role in the criminal activity [ ] the district court should consider two principles: first, the defendant's role in the relevant conduct for which he has been held accountable at sentencing; and, second, his role as compared to that of other identifiable or discernible participants in relevant conduct." *United States v. Valdez*, 820 Fed. Appx. 980, 982 (11th Cir. 2020).

Furthermore, "[t]he decision whether to apply a mitigating role reduction is 'based on the totality of the circumstances and involves a determination that is heavily dependent on the facts of the particular case.'" *Valdez*, 820 Fed. Appx. at 982 (quoting U.S.S.G. § 3B1.2, cmt. n3(C). Section 3B1.2's commentary also outlines a non-exhaustive list of factors relevant to determining the defendant's role. *Id.* These factors include (a) "the degree to which the defendant understood the scope and structure of the criminal activity"; (b) "the degree to which the defendant participated in planning or organizing the

criminal activity"; (c) "the degree to which the defendant exercised decision-making authority"; (d) "the nature and extent of the defendant's participation in the commission of the criminal activity"; and (e) "the degree to which the defendant stood to benefit from the criminal activity." *Id.* "The court must consider all of these factors to the extent applicable, and it commits legal error in marking a [mitigating] role decision based solely on one factor." *Id.* (quotation marks and citations omitted).

**MR. CONTRERAS SAAB'S** *sole* role in the instant offense was to serve as the intermediary for bribe payments from Alex Nain Saab, hereinafter referred to as "Mr. Nain Saab"), and Alvaro Pulido Vargas (hereinafter referred to as "Mr. Vargas"), *i.e.*, the individuals who received the benefit of the bribe and, unbeknownst to **MR. CONTRERAS SAAB** at the time, sought to make $340,000,000, to the Governor of the Venezuelan State of Tachira, Jose Gregorio Vielma Mora (hereinafter referred to as "Mr. Vielma Mora"), the Government official with control over the lucrative contract awarded to Mr. Nain Saam and Mr. Vargas. As an intermediary for bribe payments from Mr. Nain Saab and Mr. Vargas to Mr. Vielma Mora, **MR. CONTRERAS SAAB** was provided very limited information about the scope and structure of the scheme, in fact he was not invited to meetings about the scope and structure of the scheme and was told to step out of meetings where the scope and structure of the scheme was discussed; he did not participate in the planning or organization of the overarching criminal activity, those details were planned and organized for him – in fact, he did not even have access to the bank accounts created under his name where the bribe money was to be deposited; he had absolutely no decision making authority; and stood to benefit less than two (2) percent of the total benefit of the bribery. **MR. CONTRERAS SAAB'S** role in the instant offense was that of a

little fish – a Nemo – in a very large ocean.

Given the information provided in the PSR report and the evidence in this case, it is readily apparent that **MR. CONTRERAS SAAB** is precisely the sort of person that the minor role provision was intended to cover. Thus, **MR. CONTRERAS SAAB** respectfully requests a three-level downward variance to his total offense level for his role in the instant offense.

**B.
A TWO-LEVEL INCREASE PURSUANT TO U.S.S.G. § 2C1.1(B)(1) –
OFFENSES INVOLVING MORE THAN ONE BRIBE IS UNWARRANTED IN THIS CASE**

U.S.S.G. § 2C1.1(b)(1) states, "[i]f the offense involved more than one bribe or extortion, increase by 2 levels." Although the plain meaning of section 2C1.1(b)(1) is unambiguous, the commentary to this section further explains:

> **2. More than One Bribe or Extortion.--**Subsection (b)(1) provides an adjustment for offenses involving more than one incident of either bribery or extortion. Related payments that, in essence, constitute a single incident of bribery or extortion (e.g., a number of installment payments for a single action) are to be treated as a single bribe or extortion, even if charged in separate counts.

*See* U.S.S.G. 2C1.1, cmt. n2. As the facts in the PSR and Factual Proffer (DE 18) reflect, all of the bribery payments in this case from Mr. Nain Saab and Mr. Vargas, to the Governor of the Venezuelan State of Tachira, Mr. Vielma Mora, where **MR. CONTRERAS SAAB** served as the intermediary, constitute one incident of bribery. Therefore, the bribery payments in this case are to be treated as one single act of bribery and a two-level enhancement under this section is unwarranted as to **MR. CONTRERAS SAAB**.

In or about 2016, Mr. Nain Saab and Mr. Vargas and others, were awarded a contract by the Government of Venezuela to organize the production, importation, and distribution of boxes of food to the people of Venezuela through a Government controlled

food and medicine distribution program, Comite Local de Abastecimiento y Produccion (hereinafter referred to as "CLAP"). *See* DE 18 at 2. The contract was obtained by paying bribes to Venezuelan Government officials, in this case the Governor of Tachira, Mr. Vielma Mora, who was the Venezuelan official responsible for awarding and administering the relevant food contract. *See* DE 18 at 3.

**MR. CONTRERAS SAAB** was recruited into the scheme to serve as the intermediary to receive bribe money owed to Mr. Vielma Mora for his part in awarding a ten (10) million boxes of food contract through the CLAP program to companies controlled by, and for the benefit of, Mr. Vargas and Mr. Nain Saab, and others. *See* DE 18 at 4. Therefore, the relevant bribe payments in this case are for one single incident of bribery – payment from Mr. Nain Saab and Mr. Vargas to Mr. Vielma Mora (through **MR. CONTRERAS SAAB**) for the ten (10) million boxes of food contract through the CLAP program. **MR. CONTRERAS SAAB** was not involved in the subsequent contracts awarded to Mr. Nain Saab and Mr. Vargas through the CLAP program.

Because the payments in this case constitute one incident of bribery, the two-level increase under section 2C1.1(b)(1) is unwarranted. Thus, **MR. CONTRERAS SAAB'S** total offense level in the draft PSR should be reduced by two levels.

**C.**
**MR. CONTRERAS SAAB SHOULD RECEIVE AN ADDITIONAL TWO-LEVEL DECREASE PURSUANT TO U.S.S.G. § 4C1.1 – ADJUSTMENT FOR CERTAIN ZERO-POINT OFFENDERS**

A defendant is eligible for a two-level reduction in his offense level under section 4C1.1 if he meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

*See* U.S.S.G. § 4C1.1. Because **MR. CONTRERAS SAAB'S** meets all the criteria in this section a two-level reduction to his base offense level is warranted in this case.

## II.
## OFFENSE LEVEL COMPUTATION TAKING INTO CONSIDERATION LEGAL OBJECTIONS

Based on a base offense level of twelve (12), as reflected in paragraph 73 of the draft PSR; a two-level decrease; objection to paragraph 74 of the draft PSR; a twenty (20) level increase pursuant to §§ 2C1.1(b)(2) and 2B1.1(b)(1)(K), paragraph 75 of the draft PSR; a four-level increase pursuant to § 2C1.1(b)(3), paragraph 76 of the draft PSR; a three-level decrease because **MR. CONTRERAS SAAB** was a minor participant, pursuant to § 3B1.2; a two-level decrease, pursuant to § 4C1.1; a three-level decrease for **MR.**

**CONTRERAS SAAB'S** acceptance of responsibility; as reflected in paragraphs 82 and 83 of the draft PSR; **MR. CONTRERAS SAAB'S** total offense level is 28, objection to paragraph 84 of the PSR.  Based upon a total offense level of 28 and a criminal history category of I, **MR. CONTRERA SAAB'S** guideline imprisonment range is 78 – 97 months; objection to paragraph 132 of the draft PSR.  However, because the statutorily authorized maximum sentence of five (5) years is still less than the minimum of the applicable guideline range, the guideline term of imprisonment is still 60 months.  *See* PSR at 132.

WHEREFORE, **MR. CONTRERAS SAAB**, through counsel, respectfully requests that this Honorable Court grant the relief requested herein.

> Respectfully submitted,
>
> **RABIN & LOPEZ, P.A.**
> One Southeast Third Avenue
> Suite 2600
> Miami, FL 33131
> Tel: 305•358•1064
> Email: sjr@miamilawyer.com
>
> s/ *Samuel J. Rabin, Jr.*
>
> SAMUEL J. RABIN, JR.
> Florida Bar № 273831
>
> s/ *Andrea C. Lopez*
>
> ANDREA C. LOPEZ
> Florida Bar № 109512

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January 2024, a true and correct copy of the foregoing was furnished via the CM/ECF system to all parties designated to receive the electronic filings in this cause.

s/ *Samuel J. Rabin, Jr.*

SAMUEL J. RABIN, JR.